BROWN & OTHERS v. BROWN & OTHERS.

The points relied upon for reversing the judgment of the circuit court not appearing in the bill of exceptions, the judgment is affirmed.

Error to the circuit court of Ray county.

REES, DUNN & WILSON for Plaintiff's.

DONIPHAN & EWING for Defendant's in error.

*Opinion of the Court, delivered by Tompkins, Judge.*

Both plaintiffs and defendants in this cause, are children of one Henry Brown deceased. Those named as plaintiffs had petitioned the circuit court of Ray county, for a partition of the real estate of the deceased, which consisted of a quarter section of land. One Henry McGee was admitted by the circuit court, as a party to the proceeding, on making and filing his affidavit, that he had acquired an interest in the land which the petitioners were praying the court to cause to be divided. The widow of the deceased had married one Gunnel, and she and her husband had sold to Mc-Gee, her right of dower in the land sought to be divided.— The petitioners gave in evidence a writing purporting to be the will of the deceased, by which he gave all his property, both real and personal, to the widow during life, or widowhood, for the purpose of raising his children; and further directed, that in case of her death or marriage, all the effects left should be equally divided among all his children ; and

they contended that the claimant of the widows dower, not having shown that the widow made her election to take dower in preference to the provision in the will, as required by the act concerning dower of the year 1835, she must be supposed to abide by the will, and to have renounced her right to dower in the land.

The circuit court ordered a partition of the land to be made, and directed that the widow's right of dower should be set apart for the claimant McGee.

The petitioners moved for a new trial, contending that, on a proper construction of the will, the judgment of the court should have been for the petitioners. The court overruled the motion, and the decision of the court on this motion is assigned for error. It no where appears in the bill of exceptions, that the will was proved as required by the statute respecting wills. We are bound to presume in favor of the correctness of the decision of the circuit court; and we are moreover precluded by the bill of exceptions itself, from supposing that the will had been proved, for in the conclusion we find this clause, *"This is all the evidence given in this cause."* It is useless then to enquire, what would be a proper construction of the will. The judgment of the circuit court is therefore affirmed.

*The points relied upon for reversing the judgment of the circuit court not appearing in the bill of exceptions the judgment is affirmed.*